## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

RYANN HUFF,
an individual,

                          Case No.:

     Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, D/B/A
MR. COOPER, successor in interest of
SETERUS, a foreign limited liability
company, EXPERIAN INFORMATION
SOLUTIONS, INC., a foreign for-profit
Corporation, EQUIFAX INFORMATION
SERVICES LLC, a foreign limited liability
company, and TRANS UNION LLC,
a foreign limited liability company,

     Defendants.

_____/

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiff, RYANN HUFF (hereinafter, "Plaintiff"), by

and through the undersigned counsel, and hereby file this Complaint

against Defendants, NATIONSTAR MORTGAGE LLC, doing business as

Mr. Cooper, successor in interest of Seterus (hereinafter, "Nationstar"),

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"),

EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), and

1

TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action brought by Plaintiff, an individual consumer, for damages for Nationstar's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Nationstar incorrectly credit-reported and subsequently verified incorrect reporting concerning a mortgage loan account on Plaintiff's consumer credit reports and consumer credit files as maintained by Experian, Equifax, and Trans Union.

2.    More specifically, despite Plaintiff selling her property and fully satisfying the outstanding balance of the mortgage loan with the proceeds thereof—eliminating all sums owed to Nationstar—and despite Plaintiff repeatedly disputing Defendants' reporting of such erroneous information directly to Defendants, Defendants continued to report the Nationstar account as settled or paid for less than the full balance and with incorrect, inaccurate or unverifiable balances and statuses that did not accurately the circumstances of the account, in violation of the FCRA.

3.    Similarly, this is an action brought by an individual consumer

2

for damages for Experian, Equifax, and Trans Union's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Experian, Equifax, and Trans Union failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Experian, Equifax, and Trans Union — with respect to the account furnished by Nationstar — following the payment of the balance.

4.      More specifically, Experian, Equifax, and Trans Union inaccurately, incompletely, and misleadingly credit reported the tradeline account furnished by Nationstar as paid for less than the full balance in a settlement on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Experian, Equifax, and Trans Union despite Plaintiff fully satisfying the balance via sale and payoff.

5.      Furthermore, this is an action for damages for Experian Equifax, and Trans Union's violations of the FCRA wherein each wholly ignored — and failed to investigate — dispute letters received from Plaintiff demanding re-investigation and correction of the Nationstar tradeline account as required by the FCRA.

## JURISDICTION, VENUE & PARTIES

6.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

7.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

8.      Venue is proper in this District as the acts and transactions described herein originated and occurred in this District.

9.      At all material times herein, Plaintiff is a natural person residing in Citrus County, Florida.

10.     At all material times herein, Nationstar Mortgage LLC is a foreign limited liability company with its principal place of business located at 8950 Cypress Waters Blvd, Dallas, TX 75019.

11.     At all material times herein, Nationstar Mortgage LLC does business as "Mr. Cooper,"—a fictitious name wholly owned by Nationstar Mortgage LLC—and shares an identity of interest with "Mr. Cooper."

12.     At all material times herein, in relation the Mortgage Account (as defined *infra*), Nationstar is the successor in interest to Kyanite Services, Inc. and Kyanite Services, Inc. is the successor in interest, and former parent company of, Seterus, Inc. ("Seterus"), a mortgage servicer.

13.    At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

14.    At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

15.    At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

16.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

17.    Under the FCRA, whenever a consumer reporting agency

prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  *Id.* at § e(b) (emphasis added).

18.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

19.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

20.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the

reinvestigation.  *Id.* at § i(a)(5).

21.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

22.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the

action together with reasonable attorneys' fees. *Id.* at § n.

23. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

24. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual.

25. At all material times herein, Defendants credit report information concerning a mortgage loan account furnished by Seterus and referenced by account number ending in -9028 (hereinafter, the "Mortgage Account").

26. At all material times herein, Nationstar is a "person" that furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

27. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and

disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

28.    At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax disburses such consumer reports to third parties under contract for monetary compensation.

29.    At all material times herein, Trans Union is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

30.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

31.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## The Mortgage Account and Payment of the Same

32.    On or about October 4, 2012, Plaintiff purchased a property located at or about 14145 Bruni Dr., Spring Hill, Florida 34609 (hereinafter "Property") and financed such purchase via a mortgage and note obligation in favor of JPMorgan Chase Bank, N.A.

33.    Subsequent to Plaintiff's Property purchase, the rights to service or own, or both, the mortgage and note were transferred from JPMorgan Chase Bank, N.A. and were ultimately acquired by Seterus—Nationstar's predecessor in interest.

34.    On or about May 15, 2017, Plaintiff sold the Property to a buyer via an arms-length transaction (hereinafter, "Sale" or "Closing") that was not a short-sale.

35.    Incident to the Sale, a settlement statement was produced by Southeast Title of the Suncoast, Inc. (hereinafter "Settlement Statement")

36.    The Settlement Statement for the Closing reflected that Nationstar's predecessor—Seterus—received a payoff in the amount of

$147,085.37.

37.     The Settlement Statement for the closing reflected that Plaintiff received a profit from the Sale.

38.     The Sale was not a short sale and was not a settlement, instead Plaintiff paid the Mortgage Account in full by funds generated from the Sale.

39.     As such, as of May 2017, Plaintiff no longer personally owed any balance to Nationstar's predecessor Seterus on the Mortgage Account, the status of the Mortgage Account was current, and the Mortgage Account was paid in full, not settled for a lesser sum.

40.     As of May 2017, Nationstar's processor Seterus possessed knowledge that the Mortgage Account bore a zero balance, was not past due, and was not settled for any sum less than the full balance.

## Credit Reporting of the Mortgage Account

41.     On or about September 2, 2021, Plaintiff obtained a copy of her credit disclosure report from Experian, Equifax, and Trans Union.

42.     As of September 2, 2021, Experian reported the Mortgage Account with an inaccurate, incomplete or misleading status of "Paid in settlement" with a similarly inaccurate, incomplete and/or misleading comment of "Account paid in full for less than full balance."

11

43.     As of September 2, 2021, Equifax reported the Mortgage Account with an inaccurate, incomplete or misleading status of "over 120 days past due" and with a similarly inaccurate, incomplete and/or misleading comment of "Account paid for less than full balance."

44.     Additionally, although Equifax reported account numbers for sixteen (16) tradeline accounts, Equifax failed to report any account number for fourteen (14) other tradelines reported by Equifax as belonging to Plaintiff (i.e., accounts reported by furnishers Capital One Bank USA NA, American Express, Discover Bank, Synchrony Bank, Navy Federal Credit Union, Suncoast Schools Credit Union, Target National Bank, Portfolio Recovery Associates).

45.     As of September 2, 2021, Trans Union reported the Mortgage Account with an inaccurate, incomplete or misleading pay status of "120 days past due" and a similarly inaccurate, incomplete and/or misleading comment "SETTLED-LESS THAN FULL BLNC."

46.     After the date of Plaintiff's full payment of the Mortgage Account, Experian, Equifax, and Trans Union prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the Mortgage Account with the inaccurate, incomplete,

and/or misleading statuses and comments reported as of September 2, 2021.

### Plaintiff's First Dispute

47.    On or about September 3, 2021, Plaintiff sent a dispute letter to Experian, Equifax, and Trans Union, with the assistance of her attorney, disputing Defendants' reporting of the Mortgage Account (hereinafter, "First Dispute").

48.    Plaintiff's First Dispute advised Defendants that the Mortgage Account was paid in full via the Sale on May 17, 2017, that the Mortgage Account balance was zero, that the status should reflect paid in full, that the pay status of the Mortgage Account was not past due, and that any comments reflecting payment of less than the full balance were not accurate.

49.    Experian received Plaintiff's First Dispute but did not respond to Plaintiff's First Dispute.

50.    Experian failed to communicate Plaintiff's First Dispute to Nationstar and failed to conduct an investigation in response the First Dispute.

51.    Equifax received Plaintiff's First Dispute did not respond to Plaintiff's First Dispute.

52.    Equifax failed to communicate Plaintiff's First Dispute to

Nationstar and failed to conduct an investigation in response the First Dispute.

53.    Trans Union received Plaintiff's First Dispute.

54.    On or about October 6, 2021, Trans Union responded to Plaintiff's First Dispute and verified the accuracy of all disputed information.

55.    In addition to verifying retaining the inaccurate, misleading, and unverifiable remark "SETTLED-LESS THAN FULL BLNC; CLOSED" and "120 days past due" pay status, Trans Union made an update that rendered the reporting more inaccurate by adding new and incorrect information stating that the payment made on the Mortgage Account in May 2017 was "$0." Prior to Plaintiff's First Dispute, Trans Union had reported no monetary amount next to the "last payment made" data.

### Plaintiff's Second Dispute

56.    On or about November 11, 2021, Plaintiff sent a second dispute letter to Experian, Equifax, and Trans Union, with the assistance of her attorney, disputing Defendants' reporting of the Account (hereinafter, "Second Dispute").

57.    Plaintiff's Second Dispute again advised Defendants that the

Mortgage Account was paid in full via the Sale on May 17, 2017, that the Mortgage Account balance was zero, that the status should reflect paid in full, that the pay status of the Mortgage Account was not past due, and that any comments reflecting payment of less than the full balance were not accurate.

58.    Plaintiff's Second Dispute was signed by Plaintiff and enclosed the Settlement Statement.

59.    Additionally, Plaintiff's Second Dispute addressed Trans Union's addition of new inaccuracies introduced by Trans Union's resolution of Plaintiff's First Dispute (i.e., Trans Union's reporting that the last payment in May 2017 was comprised of a sum total of "$0").

60.    Finally, Plaintiff's Second Dispute demanded that Experian, Equifax, and Trans Union disclose to her all information in her credit file, the sources of the information, and the identification of each person that produced a consumer report.

61.    Experian received Plaintiff's Second Dispute on November 16, 2021 but did not respond to Plaintiff's Second Dispute.

62.    Experian failed to communicate Plaintiff's Second Dispute to Nationstar and failed to conduct an investigation in response the Second

Dispute.

63.    Equifax received Plaintiff's Second Dispute on November 15, 2021 but did not respond to Plaintiff's Second Dispute.

64.    Equifax failed to communicate Plaintiff's Second Dispute to Nationstar and failed to conduct an investigation in response the Second Dispute.

65.    Trans Union received Plaintiff's Second Dispute on November 17, 2021 but did not respond to Plaintiff's Second Dispute.

66.    Trans Union failed to communicate Plaintiff's Second Dispute to Seterus and failed to conduct an investigation in response the Second Dispute.

67.    On or about March 9, 2022, Plaintiff obtained new copies of her disclosure report from Experian, Equifax, and Trans Union.

68.    As of March 9, 2022, Experian continued to report the Mortgage Account with an inaccurate, incomplete or misleading status of "Paid in settlement" and with a similarly inaccurate, incomplete and/or misleading comment of "Account paid in full for less than full balance."

69.    As of March 9, 2022, Equifax reported the Mortgage Account with an inaccurate, incomplete or misleading status of "over 120 days past

due" and with a similarly inaccurate, incomplete and/or misleading comment of "Account paid for less than full balance."

70.    As of March 9, 2022, Trans Union reported the Mortgage Account with an inaccurate, incomplete or misleading pay status of "120 days past due" a similarly inaccurate, incomplete and/or misleading comment "SETTLED-LESS THAN FULL BLNC," and "$0" as the amount of the last payment made on May 16, 2017.

## **Plaintiff's Known Credit Reviews**

71.    On or about March 23, 2022, Plaintiff applied for credit and was evaluated for creditworthiness by CBNA based upon inaccurate, incomplete, and/or misleading information concerning the Mortgage Account contained in her Equifax report, which was accessed a part of the review.

72.    On or about March 9, 2022, Plaintiff applied for credit and was evaluated for creditworthiness by Truist Bank based upon inaccurate, incomplete, and/or misleading information concerning the Mortgage Account contained in her Equifax report, which was accessed a part of the review.

73.    On or about January 24, 2022, Plaintiff applied for credit and was

evaluated for creditworthiness by First Guaranty Mortgage based upon inaccurate, incomplete, and/or misleading information concerning the Mortgage Account contained in her Equifax, Experian, and Trans Union reports, which was accessed a part of the review.

74. On or about November 13, 2021, Plaintiff applied for credit and was evaluated for creditworthiness by THD/CBNA based upon inaccurate, incomplete, and/or misleading information concerning the Mortgage Account contained in her Equifax and Experian reports, which were accessed a part of the review.

75. Additionally, Plaintiff was evaluated for credit via account review inquiries by her existing creditors and such reviews resulted in credit decisions based, at least in part, upon inaccurate Mortgage Account information contained on her Equifax, Experian, and Trans Union consumer credit reports, which were accessed as part of the reviews.

76. Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorney a reasonable fee for their services.

77. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss

of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting.

78.    Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would continue to be evaluated for mortgage financing and other credit upon the erroneous and incorrect reporting and that Plaintiff would instead pay higher interest rates in the event she could obtain financing.  Plaintiff suffered additional actual damages in the form of damage to her reputation, and upon information and belief—higher credit costs, and other additional costs and fees.

79.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681g(a)(1)
### (As to Equifax Only)

Plaintiff re-alleges paragraphs one (1) through seventy nine (79) as if fully restated herein and further states as follows:

80.    Equifax is subject to, and violated the provisions of, 15 United

States Code, Section 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file to Plaintiff upon receipt of her request for a consumer disclosure report.

81.    More specifically, on or about November 11, 2021 within her Second Dispute, Plaintiff requested a full copy of her consumer credit file from Equifax.

82.    In response, Equifax did not respond to Plaintiff's request for all information in Plaintiff's consumer credit file or, if it did respond, only provided a copy of Plaintiff's credit disclosure report.

83.    Furthermore, despite the FCRA requiring Equifax to clearly and accurately disclose all information in Plaintiff's file at the time of her request, Equifax's disclosure reports dated September 2, 2021 and March 9, 2022 omitted significant and important information contained in Plaintiff's credit file.

84.    More specifically, Equifax reported no account number for fourteen (14) tradelines reported by Equifax as belonging to Plaintiff (i.e., accounts reported by furnishers Capital One Bank USA NA, American Express, Discover Bank, Synchrony Bank, Navy Federal Credit Union, Suncoast Schools Credit Union, Target National Bank, Portfolio Recovery

Associates)

85.    On information and belief, Capital One Bank USA NA, American Express, Discover Bank, Synchrony Bank, Navy Federal Credit Union, Suncoast Schools Credit Union, Target National Bank, and Portfolio Recovery Associates—which supplied information concerning their respective reported tradelines associated with Plaintiff—reported the full account number to Equifax, and this information was contained within Equifax's credit file for Plaintiff.

86.    Equifax knowingly provided incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

87.    When Equifax produces and sells reports regarding Plaintiff to third-parties, Equifax includes the full account numbers in such reports.

88.    The accuracy of Equifax's reports to third parties demonstrates its ability to comply with the FCRA, Section 1681g(a), as Equifax maintains the ability to provide a clear and accurate report containing full account numbers based on information in Plaintiff's Equifax "file."

89.    The account numbers are necessary for a consumer to be able to research and evaluate the information contained in his or her credit file.

90.     Equifax's failure to provide full account numbers—or even partial account numbers—diminishes a consumer's ability to compare the records on a consumer credit disclosure against other sources of information—such as billing statements and payment records—to challenge any potential errors or inaccuracies.

91.     Due to widespread systemic problems, Equifax's automated systems omit the entire account numbers from certain tradeline accounts reported by data furnishers.  Equifax knows of this error; however, it is cheaper not to fix the error based on Equifax's profit motive versus providing maximum possible accuracy.

92.     The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See*, e.g., *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

93.     Indeed, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file."

22

94.    The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

95.    Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

96.    Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n and/or 1681o.

### COUNT TWO:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION1681i(a)(2)
### (Against Equifax,  Experian, and Trans Union)

Plaintiff re-alleges paragraphs one (1) through seventy nine (79) as if fully restated herein and further states as follows.

97.    Equifax, Experian, and Trans Union are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(2), by

failing to failing to provide timely notification of Plaintiff's disputes to the furnishers that reported the disputed information.

98.    Specifically, Equifax and Experian, willfully and/or negligently failed to timely provide notice of Plaintiff's First Dispute and Second Dispute to Nationstar.

99.    Trans Union willfully and/or negligently failed to timely provide notice of Plaintiff's Second Dispute to Nationstar.

100.    Equifax, Experian, and Trans Union 's actions in violation of 15 United States Code, Section 1681i(a)(2), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION1681i(a)(1)**
**(Against Equifax,  Experian, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through seventy nine (79) as if fully restated herein and further states as follows.

101.    Equifax, Experian, and Trans Union are subject to, and each

violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

102. Specifically, Equifax, Experian, and Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's First Dispute and Second Dispute.

103. For example, despite Plaintiff providing Equifax, Experian, and Trans Union with description of the date of the Sale of the Property, the amount of the payment, and description that the Sale was not a short sale, Equifax, Experian, and Trans Union did not undertake any investigation to request or review the Nationstar/Seterus Mortgage Account history or inquire whether the reported balance, recent payment, pay status, or comment was accurate.

104. Moreover, Experian and Equifax completely failed to conduct any reinvestigation and issue any responses to Plaintiff's First Dispute and Experian, Equifax, and Trans Union completely failed to conduct any reinvestigation and issue any responses to Plaintiff's Second Dispute.

105.   Even though Plaintiff's Second Dispute attached proof from the Property closing proving that the Nationstar/Seterus Mortgage Account was paid in full— Equifax and failed to conduct any meaningful investigation about whether Mortgage Account was paid in full or not delinquent, and instead each continued to inaccurately report the Mortgage with inaccurate, false, misleading, or unverifiable information.

106.   Such reporting is false and evidences Equifax, Experian, and Trans Union's failure to conduct reasonable reinvestigations of Plaintiff's First and Second Disputes.

107.   Experian, Equifax, and Trans Union's reinvestigation of Plaintiff's First and Second Disputes (if any) were not conducted reasonably.

108.   Equifax, Experian, and Trans Union's reinvestigations merely copied and relied upon the inaccurate account information conveyed by Nationstar about the Mortgage Account.

109.   Equifax, Experian, and Trans Union's reinvestigation of Plaintiff's First and Second Disputes (if any) were not conducted in good faith.

110.   Equifax, Experian, and Trans Union's reinvestigation

procedures are unreasonable.

111. Equifax, Experian, and Trans Union's reinvestigation of Plaintiff's First and Second Disputes (if any) were not conducted using all information reasonably available to Equifax, Experian, and Trans Union including but not limited to: the Mortgage Account history, payment history, proofs of payments received, inquiry of Plaintiff, inquiry of Nationstar, inquiry of Southeast Title of the Suncoast, Inc., and publicly-available court and public records.

112. Equifax, Experian, and Trans Union's reinvestigations were *per se* deficient by reason of these failures in Equifax, Experian, and Trans Union's reinvestigations.

113. Equifax, Experian, and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION1681i(a)(4)**

**(Against Equifax, Experian, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through seventy nine (79) as if fully restated herein and further state as follows.

114.  Equifax, Experian, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's Disputes, including all relevant attachments.

115.  Specifically, despite receiving Plaintiff's First Dispute, which contained relevant information concerning the date of the Sale of the Property, the amount of the payment, and description that the Sale was not a short sale, Equifax, Experian, and Trans Union failed to consider the same.

116.  On Plaintiff's Second Dispute, Equifax, Experian, and Trans Union also failed to consider Plaintiff's attached Closing Settlement Statement showing full payment made to Nationstar/Seterus on the Mortgage Account.

117.  Equifax, Experian, and Trans Union's failure to review and consider all information received in Plaintiff's Disputes was done in bad faith.

118.  Equifax, Experian, and Trans Union 's actions in violation of 15

United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)**
**(Against Equifax,  Experian, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through seventy nine (79) as if fully restated herein and further states as follows.

119.   Equifax, Experian, and Trans Union are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's First and Second Disputes that was inaccurate or that could not be verified.

120.   Specifically, even though Equifax, Experian, and Trans Union received Plaintiff's First Dispute that advised the date of the Sale of the Property, the amount of the payment, and description that the Sale was not a short sale, Equifax, Experian, and Trans Union willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Mortgage Account that was either inaccurate and

could not be verified.

121.   Even though Equifax, Experian, and Trans Union received Plaintiff's Second Disputes that not only advised as to the information contained in the First Dispute but also attached the Closing Settlement Statement, Equifax, Experian, and Trans Union willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Mortgage Account that was either inaccurate and could not be verified.

122.   Equifax, Experian, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

123.   Equifax, Experian, and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

**COUNT SIX:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>**
**(Against LVNV)**

Plaintiff re-alleges paragraphs one (1) through seventy nine (79) as if fully restated herein and further states as follows.

124.   Nationstar is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's Credit Reports, failing to fully and properly re-investigate Plaintiff's First and Second Disputes, failing to review all relevant information regarding the same, and failing to correctly report the Mortgage Account on Plaintiff's Credit Reports after investigating Plaintiff's Disputes.

125.   As described above, despite receiving notice of Plaintiff's Disputes, Nationstar willfully and/or negligently reported inaccurate credit information that the Mortgage Account contained a "recent payment" of "$0" reflecting a zero dollar payment on the date full payment on the Mortgage Account was received, that the Mortgage Account was paid in settlement or paid for less than the full balance, and that the Mortgage Account was 120-days past due.

126.   After receiving notice of Plaintiff's Disputes and possessing actual knowledge that the Mortgage Account was not past due and was paid

in full at as reflected in the Closing Settlement Statement, Nationstar nevertheless inaccurately refused to update the amount of the last payment, the comment code, and the Mortgage Account past-due status.

127.   The immediately-aforementioned inaccuracies ultimately reflected negatively and adversely on Plaintiff's Experian, Equifax, and Trans Union Credit Report and credit files.

128.   Further, Nationstar reported and communicated the immediately-aforementioned inaccurate information with actual knowledge that Plaintiff had made full payment as listed in his dispute because the same appeared as paid in Nationstar's records and caused Nationstar or its predecessor to release the Mortgage Account's encumbrance.

129.   Nationstar's investigation was not conducted using all information reasonably available to Nationstar including but not limited to the inquiry of Plaintiff, inquiry of Southeast Title of the Suncoast, Inc., review of its own account notes, prior reporting, account balance, public property records, and records of its own court actions.

130.   Nationstar's investigation was not conducted in good faith because it failed to investigate, consider, and review the aforementioned information and all information reasonably available to Nationstar.

131.   As a result of Nationstar's conduct, actions, or inactions, Plaintiff was unable to obtain or maintain credit at market rates and terms for individuals who did not have inaccurate non-payment reported on their credit reports.

132.   Nationstar's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

133.  Nationstar's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at

trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

*/s/ Jordan T. Isringhaus*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 0125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com

34

smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*